UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARDO GARCIA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SALVADOR BARRAGAN, et al.,<br><br>　　　　Defendants. | Case No. 18-cv-01451-MEJ<br><br>**ORDER FOR CLERK OF COURT TO REASSIGN CASE**<br><br>**REPORT & RECOMMENDATION** |

## INTRODUCTION

On March 6, 2018, Defendants Salvador Barragan and Maria J. Barragan removed this unlawful detainer action from Alameda County Superior Court. Notice of Removal, Dkt. No. 1. Mr. Barragan also filed an Application to Proceed In Forma Pauperis ("IFP Application"). Appl., Dkt. No. 2. As the parties have not consented to magistrate judge jurisdiction, the Court ORDERS the Clerk of Court to reassign this case to a district judge with the recommendation that the case be remanded to Alameda County Superior Court and Mr. Barragan's IFP Application be found as moot.

## LEGAL STANDARD

Subject matter jurisdiction is fundamental and cannot be waived. *Billingsley v. C.I.R.*, 868 F.2d 1081, 1085 (9th Cir. 1989). Federal courts can adjudicate only those cases which the Constitution and Congress authorize them to adjudicate, i.e., those involving diversity of citizenship or a federal question, or those to which the United States is a party. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Chen-Cheng Wang ex rel. United States v. FMC Corp.*, 975 F.2d 1412, 1415 (9th Cir. 1992) (federal courts have no power to consider claims for which they lack subject-matter jurisdiction).

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." However, the removal statutes are construed restrictively so as to limit removal jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *see also Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("Where doubt regarding the right to removal exists, a case should be remanded to state court."). The burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). The district court must remand the case if it appears before final judgment that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c); *Abada v. Charles Schwab & Co.*, 300 F.3d 1112, 1118 n.2 (9th Cir. 2002).

Subject matter jurisdiction is determined from the face of the complaint. *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998); *see also Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (federal question must be presented on face of plaintiff's properly pleaded complaint); *Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1189-90 (9th Cir. 1970) (existence of diversity jurisdiction must be sufficient on the face of the complaint). Jurisdiction may not be based on a claim raised as a defense or a counterclaim. *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1029 (9th Cir. 2011).

**DISCUSSION**

The Complaint asserts only one state law claim for unlawful detainer and thus does not provide any ground for removal.[1] Notice of Removal at ECF pp. 3-8 (Compl.). "An unlawful detainer action, on its face, does not arise under federal law but is purely a creature of California law." *Snavely v. Johnson*, 2015 WL 5242925, at *2 (N.D. Cal. Sept. 8, 2015) (citations omitted); *HSBC Bank USA N.A. v. Serrato*, 2013 WL 3337813, at *2 (N.D. Cal. July 1, 2013).

Defendants assert federal question jurisdiction exists under 28 U.S.C. § 1331, and that the

---

[1] Defendants assert that "the summons and complaint have never been served to Defendant[]" but that "[a] [p]artial copy of the complaint was left with [the] summons[.]" Notice of Removal at ECF ¶ 1. It is unclear what, if anything, is missing from the attached Complaint and summons; however, the Complaint as provided asserts only a single unlawful detainer cause of action.

2

action may be removed to this Court because "it arises under [ ] derivative removal jurisdiction." Notice of Removal ¶ 2; *see* 28 U.S.C. § 1441(f) ("The court to which a civil action is removed under this section is not precluded from hearing and determining any claim in such civil action because the State court from which such civil action is removed did not have jurisdiction over that claim."). Defendants do not further explain the basis for their belief that derivative removal jurisdiction exists here. In fact, derivative removal jurisdiction does not appear to provide a basis for removal; as discussed above, the state court has jurisdiction over the unlawful detainer claim. Accordingly, the Court RECOMMENDS the District Judge remand this action to the Alameda County Superior Court.

## APPLICATION TO PROCEED IN FORMA PAUPERIS

A district court may authorize the commencement of a civil action in forma pauperis if it is satisfied that the would-be plaintiff cannot pay the filing fees necessary to pursue the action. 28 U.S.C. § 1915(a)(1). The policy for allowing a party to proceed in forma pauperis is to protect litigants from abandoning "what may be a meritorious claim in order to spare himself complete destitution." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 340 (1948).

In order for a court to authorize the commencement of an action without the prepayment of the filing fee, a person must submit an affidavit that includes a statement of all the assets the person possesses. 28 U.S.C. § 1915(a)(1). An affidavit is sufficient "where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (quoting *Adkins*, 335 U.S. at 339). "[O]ne need not be absolutely destitute to obtain benefits of the in forma pauperis statute." *Id.* (internal quotation marks omitted); *see id.* ("[T]here is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status."). A party seeking in forma pauperis status must nevertheless "allege poverty 'with some particularity, definiteness and certainty.'" *Id.* (quoting *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)).

Only Mr. Barragan filed an IFP Application; Ms. Barragan does not seek IFP status. *See* Docket. The Court will collect only one filing fee per case; if there are joined parties, each party must apply and qualify for IFP status. *Johnson v. U.S. Bureau of Prisons*, 2008 WL 1885763, at

3

*1 (N.D. Cal. Apr. 25, 2008). While Mr. Barragan's Application demonstrates he is unable to pay the Court's $400 filing fee, nothing in the present record allows the Court to find Ms. Barragan also lacks funds to pay the filing fee.[2]

However, in light of the Court's recommendation that this case be remanded, the Court further RECOMMENDS Mr. Barragan's IFP Application be found as moot.

## CONCLUSION

As jurisdiction appears to be lacking, the undersigned hereby **RECOMMENDS** that this case be remanded to Alameda County Superior Court and that Mr. Barragan's IFP Application be found as moot. The Clerk of Court shall reassign this case to a district court judge.

Pursuant to Federal Rule of Civil Procedure 72, any party may serve and file objections to this report and recommendation within 14 days after being served with a copy.

**IT IS SO RECOMMENDED.**

Dated: March 9, 2018

_____
MARIA-ELENA JAMES
United States Magistrate Judge

---

[2] Although Mr. Barragan declares his spouse is not employed (Appl. at 2), nothing in Mr. Barragan's Application describes his spouse's assets or expenses.